UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH TRAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>　　　　Defendants. | Case No. 5:15-cv-05126-EJD<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO RECORD LIS PENDENS**<br><br>Re: Dkt. No. 3 |

　　　　Presently before the court is Plaintiff Elizabeth Tran's ("Plaintiff") ex parte application for leave to record a lis pendens against certain real property located in Milpitas, California. See Docket Item No. 3.

　　　　Having carefully reviewed the application, the court finds, concludes and orders as follows:

　　　　1.　　Plaintiff's ex parte application is procedurally defective. Under Civil Local Rule 7-10, an ex parte motion may only be filed when "a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an ex parte basis." In addition, the ex parte motion "must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought." Plaintiff did not comply with the requirements of the local rule here. Although her application is extensive, the court is unable to find a citation to some authority which allows for this request on an ex parte basis.

　　　　2.　　The motion also fails on its substance. "A party to an action who asserts a real

property claim may record a notice of pendency of action," otherwise known as a lis pendens, "in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. "The notice shall contain the names of all parties to the action and a description of the property affected by the action." Id. In addition, "[a] notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6." Cal. Civ. Proc. Code § 405.21.[1]

3. For the purpose of a lis pendens, a "real property claim" is a cause of action "in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property . . . ." Cal. Code Civ. Proc. § 405.4. Applying a standard similar to a motion to expunge, the court will not permit an unrepresented claimant to record a lis pendens if the pleading filed by the claimant does not properly plead a "real property claim." See Kirkeby v. Super. Ct., 33 Cal. 4th 642, 647 (2004). The analysis is similar to that of a demurrer in state court, or a motion to dismiss for failure to state a claim in federal court. Id. at 647-48.

4. Since subject matter jurisdiction arises on the basis of a federal question, the court examines the first cause of action asserted in the Complaint to determine whether Plaintiff has pled a "real property claim." This is because the first claim is the only one which purports to present a federal issue.[2] That claim, however, is deficient for several reasons.

---

[1] California Code of Civil Procedure 405.6 applies to actions in eminent domain and is not relevant here.

[2] Complete diversity, and in turn jurisdiction on that basis, does not exist because Plaintiff alleges that several defendants are either domiciled in California or have a principal place of business in California, including Sage Point Services, LLC, Recontrust Company, N.A., AMSL Legal Group, LLC. See Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008) ("A corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"); see also Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). Furthermore, without a properly-pled independent federal claim, the claim for declaratory relief under 28 U.S.C. § 2201 is of no assistance when it comes to federal question jurisdiction. See Am. Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999) (stating that cases seeking a declaratory judgment must be "within" the jurisdiction of the district court, "i.e., there must be an independent basis for the

5. First, to the extent Plaintiff seeks to assert that certain California statutes are unconstitutional, she has not sued a proper defendant. See Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir. 1989) (holding that to bring a claim on the basis that a state law is unconstitutional, the plaintiff must sue "officials, named as defendants in a suit to enjoin the enforcement of an allegedly unconstitutional law" who "by virtue of their offices have some connection with the enforcement of the challenged law."). Plaintiff's conclusory allegation that non-governmental defendants are state actors is insufficient to satisfy that requirement and is unentitled to an assumption of truth. See In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (holding the district court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

5. Second, and in any event, the California Supreme Court has held that "California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution." Garfinkle v. Super. Ct., 21 Cal. 3d 268, 281 (1978). Nor does it impair the obligations of contract, to the extent Plaintiff challenges it under the Contracts Clause. Indeed, "[t]he nonjudicial foreclosure statutes do not authorize or compel inclusion of a power of sale in a deed of trust or provide for such a power of sale when one has not been included by the parties." Id. at 278. Furthermore, these statutes do not "compel exercise of the power of sale." Id. To the contrary, "[t]he decision whether to exercise the power of sale is a determination to be made by the creditor . . . . [t]he statutes merely restrict and regulate the exercise of the power of sale once a choice has been made by the creditor to foreclose the deed of trust in that manner." Id. at 278-79.

6. Moreover, any equal protection claim based on differential treatment of pro se litigants under California Civil Procedure Code § 405.21 fails.[3] Pro se litigants are not a suspect

---

court's jurisdiction.").

[3] Notably, the other two statutes referenced in this claim, California Code of Civil Procedure § 527 and California Civil Code § 1714.10, do not contain separate or different requirements for pro se litigants.

3
Case No.: 5:15-cv-05126-EJD
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO RECORD LIS PENDENS

United States District Court
Northern District of California

class meriting strict scrutiny.  Wolfe v. George, 486 F.3d 1120, 1126 (9th Cir. 2007).  The state can rationally distinguish attorneys from pro se litigants when it comes to the recording of lis pendens because that statute is easily abused and can have remarkable and devastating effects on the sale of property.  See Kirkeby, 33 Cal. 4th at 651.

7. Without a viably pled federal claim, this court would decline jurisdiction over the remaining claims based in state law and would dismiss them on that basis.  28 U.S.C. § 1367(c).

Based on the foregoing, the court concludes that Plaintiff has not pled a "real property claim" in the Complaint filed on November 9, 2015.  The ex parte application for leave to record a lis pendens is therefore DENIED.

**IT IS SO ORDERED.**

Dated:  November 10, 2015

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-05126-EJD
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO RECORD LIS PENDENS

4