1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELIZABETH TRAN,

Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, et al.,

Defendants.

Case No.  5:15-cv-05126-EJD

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Re: Dkt. Nos. 9, 12

Plaintiff Elizabeth Tran ("Plaintiff") filed a Complaint in this court against a list of entities involved in one way or another in the foreclosure proceedings directed at her home, including Nationstar Mortgage LLC, Sage Point Services, LLC, Barrett Daffin Frappier Treder & Weiss, LLP, U.S. Bank, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America, National Association, Recontrust Company, N.A., and AMSL Legal Group, LLP (collectively, "Defendants").  Plaintiff did not, however, state a viable federal cause of action in that Complaint.  Nor can she.

Presently before the court are two motions to dismiss: one filed by Countrywide, Bank of America and Recontrust, and one filed by Nationstar, MERS, and U.S. Bank.  Dkt. Nos. 9, 12. Both are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and both must be granted.  The cause of action alleging a violation of civil rights will be dismissed.  And

1    since jurisdiction arises solely under 28 U.S.C. §1331,[1] this case will proceed no further in federal

2    court.

3    **I.    BACKGROUND**

4            Plaintiff states she is a "private citizen of the United States and a resident at common law

5    in the State of California, at the Santa Clara County, in The United States of America, who

6    presently resides in the Temple at The ELIZABETH TRAN ESTATE™ . . . ."  Compl., Dkt. No.

7    1, at ¶ 11.  Though it may or may not be the referenced temple, relevant here are facts concerning

8    real property located on Fallen Leaf Drive in Milpitas, California.  On May 17, 2005, the Santa

9    Clara County Recorder's Office recorded a deed of trust for $574,400.00 against the Fallen Leaf

10   property.  See Req. for Judicial Not. ("RJN"), Dkt. No. 10, at Ex. A.[2]  Countrywide Home Loans,

11   Inc. was listed on the Deed of Trust as the lender, and Plaintiff and Tuan D. Nguyen were listed as

12   borrowers.  Id.  Recontrust Company, N.A. was named as the trustee.  Id.  MERS was designated

13   as the nominee of the lender and the beneficiary.  Id.

14           A Notice of Default for $18,830.00 was recorded against the Fallen Leaf property on June

15   15, 2009.  Id. at Ex. D.  Thereafter, on October 7, 2011, the Recorder's Office recorded an

16   assignment indicating that MERS transferred the Deed of Trust to "U.S. Bank, National

17   Association, as successor trustee to Wachovia Bank, N.A., as trustee for the holders of Merrill

18   Lynch MTG Invest-ors, Inc., Mortgage Pass-Through Certificates, Series 2005-A7."  Id. at Ex B.

19   Another assignment was recorded on June 12, 2014, this time stating that U.S. Bank transferred

20

21   [1] Although Plaintiff cited to 28 U.S.C. § 1332 in the Complaint's jurisdictional statement, other
     allegations demonstrate why diversity jurisdiction does not arise.  "For a case to qualify for federal
22   jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between
     the parties opposed in interest."  Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004).
23   According to the Complaint, Plaintiff and at least two defendants, Recontrust and AMSL Legal
     group, are California domiciles.  See Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th
24   Cir. 2008) ("A corporation is a citizen of (1) the state under whose laws it is organized or
     incorporated; and (2) the state of its 'principal place of business.'").

25   [2] The RJN is GRANTED.  See Fed. R. Evid. 201(b) (providing that the court "may judicially
26   notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily
     determined from sources whose accuracy cannot reasonably be questioned"); see also Reyn's
27   Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may
     take judicial notice of court filings and other matters of public record").

28                                                2
     Case No.: 5:15-cv-05126-EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    the Deed of Trust to Nationstar Mortgage LLC.  Id. at Ex. C.  A Notice of Trustee's Sale was then

2    recorded on October 6, 2015, at the request of Barrett, Daffin, Frappier, Treder & Weiss, L.P.  Id.

3    at Ex. E.

4        Plaintiff initiated this case on November 9, 2015, asserting causes of action for violation of

5    civil rights, fraud, promissory estoppel, wrongful foreclosure, cancellation of instruments, and

6    declaratory and injunctive relief.  These motions followed.

7    **II.    LEGAL STANDARD**

8        **A.    Federal Rule of Civil Procedure 12(b)(6)**

9        Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

10    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

11    it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

12    The factual allegations "must be enough to raise a right to relief above the speculative level" such

13    that the claim "is plausible on its face."  Id. at 556-57.  A complaint which falls short of the Rule

14    8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R.

15    Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

16    cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v.

17    Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

18        When deciding whether to grant a motion to dismiss, the court must generally accept as

19    true all "well-pleaded factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court

20    must also construe the alleged facts in the light most favorable to the plaintiff.  Love v. United

21    States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "courts are not bound to accept as true a

22    legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.

23        Also, the court generally does not consider any material beyond the pleadings for a Rule

24    12(b)(6) analysis.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19

25    (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or

26    relied upon in the complaint, and material subject to judicial notice.  See Lee v. City of Los

27    Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

28

United States District Court
Northern District of California

                                                          3
Case No.: 5:15-cv-05126-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

### B.    Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor."  McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974).  The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants."  Id.  A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Haines v. Kerner, 404 U.S. 519, 521 (1972).

## III.    DISCUSSION

### A.    Violation of Civil Rights

Under the heading "Civil Rights," Plaintiff alleges that "one or more of the Defendant(s)" deprived her of constitutional protections.  Although the basis for that allegation is not entirely clear, Plaintiff appears to contend that California's non-judicial foreclosure process is unconstitutional because it "impairs the obligations of contract without any compelling governmental purpose and facilitates a state assisted and state involved taking of private property without due process of law."  On that basis, Plaintiff asserts that Defendants' institution of a foreclosure against the Fallen Leaf property violated her civil rights.  She seeks a judgment declaring California Civil Code § 2924 unconstitutional, finding that certain other California statutes discriminate against litigants without attorneys, and finding "that one constitutionally required (but not exclusive) remedy for violation of California Civil Code Sections 2934 must be to declare any transaction or order transaction null and void which was not obtained in compliance with the predicate requirements of those sections."

In response, Defendants argue that Plaintiff has not stated, and indeed cannot state, a plausible claim for violation of her civil rights.  The court agrees with Defendants.

As was explained in the order denying ex parte relief, Plaintiff's civil rights cause of action

Case No.: 5:15-cv-05126-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

suffers from several deficiencies.  First, Plaintiff has not sued a proper defendant to the extent she

seeks a declaration that particular state statutes are unconstitutional.  For such relief, it is those

officials who "by virtue of their offices have some connection with the enforcement of the

challenged law" that should be sued.  <u>Chaloux v. Killeen</u>, 886 F.2d 247, 251 (9th Cir. 1989)

(citing <u>Ex Parte Young</u>, 209 U.S. 123, 157-61 (1908)); <u>see</u> <u>Snoeck v. Brussa</u>, 153 F.3d 984, 986

(9th Cir. 1998) (providing that an official's connection to an allegedly unconstitutional state law

must be "fairly direct," not just a generalized duty or a general supervisory power).  Here, the

allegations in the complaint reveal that Defendants are private participants to the non-judicial

foreclosure of the Fallen Leaf property, not state officials.

Second, any purported claim under 42 U.S.C. § 1983 fails.  "To state a claim under § 1983,

a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color

of state law."  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  In other words, two factual elements must

be pled: (1) "the plaintiff must allege that some person has deprived him of a federal right," and

(2) "he must allege that the person who has deprived him of that right acted under color of state or

territorial law."  <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).  This framing was adopted because

"§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."

<u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999).

Here, Plaintiff has not satisfied either element of a § 1983 claim.  The federal right

Defendants apparently violated is not identified in the Complaint.  To be sure, it is not enough to

simply reference § 1983 because that statute is "not itself a source of substantive rights," but rather

a "method for vindicating federal rights elsewhere conferred by those parts of the United States

Constitution and federal statutes that it describes."  <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3

(1979).

As to the second element, Plaintiff does not plausibly explain how the private-actor

Defendants were acting under color of state law through their involvement in foreclosure process,

especially when "[p]rivate parties are not generally acting under color of state law."  <u>Price v.</u>

Case No.: <u>5:15-cv-05126-EJD</u>
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1   Hawaii, 939 F.2d 702, 707-708 (9th Cir. 1991)).  In order to maintain this claim, Plaintiff had to

2   show that the actions complained of are "fairly attributable" to the state.  See Rendell-Baker v.

3   Kohn, 457 U.S. 830, 838 (1982); see also Vincent v. Trend W. Technical Corp., 828 F.2d 563, 567

4   (9th Cir. 1987) (observing that the United States Supreme Court considers four factors to

5   determine whether conduct is "fairly attributable" to the state: source of funding, impact of state

6   regulation, performance of a "public function," and the existence of a "symbiotic relationship"

7   between the state and the actor).  But it is been held by both the California Supreme Court and the

8   Ninth Circuit Court of Appeals that a state's non-judicial foreclosure process does not constitute

9   state action and does not implicate constitutional due process protections.  Garfinkle v. Super. Ct.,

10  21 Cal. 3d 268, 281 (1978); Apao v. Bank of N.Y., 324 F.3d 1091, 1094-95 (9th Cir. 2003).  Nor

11  does that process violate the Contracts Clause.  Garfinkle, 21 Cal. 3d at 278-79.  And Plaintiff's

12  theory that certain defendants can be deemed state actors due to lobbying activity fails to satisfy

13  her burden to plead a plausible basis to find state action.  See Single Moms, Inc. v. Montana

14  Power Inc., 331 F.3d 743, 746-747 (9th Cir. 2003) (holding that an organization which hired

15  lobbyist for purpose of petitioning state legislators was not involved in state action).  Neither does

16  her unsupported assertion that a bank should be considered a state actor for all purposes simply

17  because it sold or serviced securities held by a state pension fund.  See In re Gilead Scis. Sec.

18  Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (holding the district court need not accept as true

19  "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

20  inferences.").

21          Third, Plaintiff cannot state a claim under 42 U.S.C. §§ 1986 or 1988.  A claim under §

22  1986 requires a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985; no §

23  1985 claim is stated here.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.

24  1988).  For its part, § 1988 does not provide an independent cause of action for civil rights

25  violations.  See Moor v. Cnty. of Alameda, 411 U.S. 693, 703-704 (1973).

26          Finally, and as stated previously in this case, any purported equal protection claim based

27  on differential treatment of pro se litigants under California Civil Procedure Code § 405.21 fails.

28

United States District Court
Northern District of California

6

1  Pro se litigants are not a suspect class meriting strict scrutiny.  Wolfe v. George, 486 F.3d 1120,

2  1126 (9th Cir. 2007).  The state can rationally distinguish attorneys from pro se litigants when it

3  comes to the recording of lis pendens because that statute is easily abused and can have

4  remarkable and devastating effects on the sale of property.  See Kirkeby v. Super. Ct., 33 Cal. 4th

5  642, 651 (2004).

6  　　　　For these various reasons, the cause of action for violation of civil rights will be dismissed.

7  　　　**B.**　　**Leave to Amend and Other Causes of Action**

8  　　　　The court must now determine whether Plaintiff should be granted leave to amend the

9  federal claim.  "Dismissal without leave to amend is improper unless it is clear, upon de novo

10  review, that the complaint could not be saved by any amendment."  Krainski v. Nevada ex rel. Bd.

11  of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010) (internal citation

12  and quotation marks omitted).  In addition, the court understands that Plaintiff is proceeding

13  without an attorney.  Under those circumstances, "[a] district court should not dismiss a pro se

14  complaint without leave to amend unless it is absolutely clear that the deficiencies of the

15  complaint could not be cured by amendment."  Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir.

16  2015).

17  　　　　However, "[a] district court may deny leave to amend when amendment would be futile."

18  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013).  Such is the

19  case here.  Plaintiff cannot allege any facts to transform the straightforward foreclosure activity

20  disclosed by this record into a violation of her civil or constitutional rights.  That being the case,

21  the federal cause of action will be dismissed without leave to amend.

22  　　　　What remains are state-law claims, over which the court declines to exercise supplemental

23  jurisdiction.  They will therefore be dismissed without prejudice.  See 28 U.S.C. § 1367(c)(3);

24  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114

25  F.3d 999, 1000 (9th Cir. 1997) (en banc).

26  **IV.**　　**ORDER**

27  　　　　Based on the foregoing, the Motions to Dismiss (Dkt. Nos. 9, 12) are GRANTED.  The

28

United States District Court
Northern District of California

7

1  cause of action for violation of civil rights is DISMISSED WITHOUT LEAVE TO AMEND.  All

2  other causes of action are DISMISSED WITHOUT PREJUDICE.

3      Any additional pending matters are DENIED AS MOOT.

4      Judgment will be entered in favor of Defendants and the Clerk shall close this file.

5

6      **IT IS SO ORDERED.**

7  Dated:  April 15, 2016

8  
   _____
   EDWARD J. DAVILA
9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Case No.: 5:15-cv-05126-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS